HON. JUDGE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,        )
                                   )   No. 2:21-cv-01673-TL
            Plaintiff,             )
     v.                            )   [PROPOSED] CONSENT DECREE
                                   )
BIMBO BAKERIES USA, INC.,          )
                                   )
            Defendant.             )
                                   )

## I. STIPULATIONS

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") sent a sixty-day notice of intent to sue letter to Defendant Bimbo Bakeries USA, Inc. ("Bimbo") on or about September 24, 2021, and filed a complaint on December 15, 2021, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Bimbo's facility in Kent, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs. Bimbo denies these allegations.

Soundkeeper and Bimbo agree that settlement of these matters is in the best interest of the

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  parties and the public, and that entry of this Consent Decree is the most appropriate means of

2  resolving this action.

3        Soundkeeper and Bimbo stipulate to the entry of this Consent Decree without trial,

4  adjudication, or admission of any issues of fact or law regarding Soundkeeper's claims or

5  allegations set forth in its complaint and its sixty-day notice.

6        DATED this ___th day of June, 2022.

| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By *s/Veronica Keithley* <br> Veronica M. Keithley, WSBA #52784 <br> Beth S. Ginsberg, WSBA #18523 <br> *Attorneys for Defendant* <br> *Bimbo Bakeries USA, Inc.* | By *s/Alyssa Koepfgen* <br> Alyssa Koepfgen, WSBA #46773 <br> Richard A. Smith, WSBA #21788 <br> Savannah Rose, WSBA #57062 <br> *Attorneys for Plaintiff* <br> *Puget Soundkeeper Alliance* |
| BIMBO BAKERIES USA, INC. | PUGET SOUNDKEEPER ALLIANCE |
| By <br> _____ <br> Craig Pizer <br> Vice President & General Counsel | By <br> _____ <br> Sean Dixon <br> Executive Director of Puget Soundkeeper Alliance |

## II. ORDER AND DECREE

21        This matter came before the Court upon the Parties' Joint Motion for Entry of Consent

22  Decree (Dkt. No. 13) and the foregoing Stipulations of the parties. Having considered the

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
2

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Stipulations, the United States' notice of non-objection (Dkt. No. 14), the Rose Foundation's letter (Dkt. No. 13-1 at 14-15), and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Bimbo of its facility at or about 20230 70th Avenue S, Kent, WA 98032 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR308386 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Soundkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Soundkeeper will not support by financial assistance, personnel time, or otherwise other lawsuits or potential lawsuits by Soundkeeper's members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
3

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Bimbo.

7. Bimbo agrees to the following terms and conditions for the term of the Consent Decree, in full and complete satisfaction of all the claims covered by this Consent Decree:

    a. Bimbo will comply fully with all conditions of the NPDES permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

    b. For a period of two (2) years after the effective date of this Consent Decree, Bimbo will, on a quarterly basis, electronically forward to Soundkeeper copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the Facility.

    c. Bimbo will make the following amendments to the SWPPP no later than thirty (30) days after the effective date of this Consent Decree, provide Soundkeeper with a copy of the amended SWPPP within ten (10) days of amending, and implement and maintain the following BMPs for the life of the Consent Decree:

        i. Vacuum sweep the operational areas of the Facility to remove sediment no less frequently than once per month;

        ii. Store the forklifts indoors when not in use;

        iii. Maintain the employee training log with the dates on which specific employees received training;

        iv. Log sweeping activities, including the date these activities were

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

conducted and the locations that were swept;

v. Maintain the spill log, which includes the date, time, amount, location, reason for spill, date/time cleanup completed, notifications made, and staff involved; and

vi. Regularly maintain the ten (10) currently installed Grattix-style stormwater treatment boxes.

d. Bimbo will continue to sample stormwater discharge at Points 1A and 2 quarterly in accordance with the NPDES permit.

e. Within sixty (60) day of effective date of this Consent Decree, Bimbo will coat the metal roof structures that may be contributing to metals detected in the Facility's stormwater.

f. Within sixty (60) days of effective date of this Consent Decree, Bimbo will replace the hydraulic-driven trash compactor with a Self-Contained Auger Compactor. After removing the hydraulic trash compactor, but before installing the Auger Compactor, Bimbo will pressure wash that area. Bimbo will collect the water used to pressure wash the trash compactor area and properly dispose of it. Bimbo will also install a roof over the new Auger Compactor within thirty (30) days of installation of the Auger Compactor.

g. If a Level 3 Corrective Action is triggered under Condition S8 of the NPDES permit, Bimbo will provide the required engineering report to Soundkeeper thirty (30) days prior to when it is due to be submitted to Ecology for Soundkeeper to review and provide comments. Soundkeeper will provide comments within fifteen (15) days of receipt of the engineering report. Bimbo must either incorporate those comments into its engineering

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

report or respond in writing prior to the due date of the engineering report as to why it is not incorporating Soundkeeper's comments.

h. Bimbo will host up to ten (10) Soundkeeper Youth Leaders and two (2) chaperones at the industrial stormwater management workshop and demonstration project at Equinox Studios in Georgetown on a date and time agreed upon by Bimbo and Soundkeeper. Bimbo will pay the costs of workshop, in an amount not to exceed $10,000 (TEN THOUSAND DOLLARS).

i. Not later than thirty (30) days after the effective date of this Consent Decree, Bimbo will pay $5,000 (FIVE THOUSAND DOLLARS) to cover the costs of Soundkeeper's reasonable attorney and expert fees for monitoring of compliance with this Consent Decree. Payment will be made by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. These funds will be kept in Smith and Lowney's trust account and any funds not spent will be returned to Bimbo at the termination of the Consent Decree with an accounting of the costs and fees incurred for monitoring compliance with this Consent Decree.

8. Within thirty (30) days of the effective date of this Consent Decree, Bimbo will pay $75,000 (SEVENTY-FIVE THOUSAND DOLLARS) to the Rose Foundation for projects to address impairments to, and contribute to the improvement of, the water and/or sediment quality of the Lower Mill Creek, Black River, and/or Green River, as described in Exhibit 1 to this Consent Decree. The check will be made to the order of the Rose Foundation and delivered to:

Rose Foundation
201 4th Street, Suite 102
Oakland, CA 94607

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Bimbo Bakeries USA, Inc., W.D. Wash. No. 2:21-cv-01673-TL." A copy of the checks and cover letters, if any, will be sent simultaneously to Soundkeeper and its counsel.

9. Within thirty (30) days of the effective date of this Consent Decree, Bimbo will pay $34,000 (THIRTY-FOUR THOUSAND DOLLARS) for settlement of Soundkeeper's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. Bimbo's payment will be in full and complete satisfaction of any claims Soundkeeper has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Bimbo that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Bimbo timely notifies Soundkeeper of the event; the steps that Bimbo will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Bimbo will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Bimbo becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which defendant has no control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes;

g. Any permit or other approval sought by Bimbo from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Bimbo has timely and in good faith sought the permit or approval;

h. Litigation, arbitration, or mediation that causes delay;

i. Epidemics and pandemics, including but not limited to COVID-19 related delays; and

j. Supply chain issues and delays.

12. This Court retains jurisdiction over this matter while this Consent Decree remains in force. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

14. This Consent Decree will take effect upon entry by this Court. It terminates two (2) years after that date.

15. Both parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both parties and the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
9

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18.     Notifications required by this Consent Decree must be in writing by email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the email addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 18.

**If to Soundkeeper**:

Katelyn Kinn
Katherine Brennan
Email: katelyn@pugetsoundkeeper.org, katherine@pugetsoundkeeper.org

**And to**:

Alyssa Koepfgen
Savannah Rose
Email: alyssa@smithandlowney.com, savannah@smithandlowney.com

**If to Bimbo:**

Craig Pizer
Email: Craig.Pizer@grupobimbo.com

**And to:**

Beth S. Ginsberg
Veronica M. Keithley
Email: beth.ginsberg@stoel.com, veronica.keithley@stoel.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

Dated this 17th day of August 2022.

_____
Tana Lin
United States District Judge

Presented by:

STOEL RIVES LLP

By: s/Veronica Keithley
Veronica M. Keithley, WSBA #52784
Beth S. Ginsberg, WSBA #18523
Attorneys for Defendant
Bimbo Bakeries USA, Inc.

SMITH & LOWNEY PLLC

By: s/Alyssa Koepfgen
Alyssa Koepfgen, WSBA #46773
Richard Smith, WSBA #21788
Savannah Rose, WSBA #57062
Attorneys for Plaintiff
Puget Soundkeeper Alliance

[PROPOSED] CONSENT DECREE
No. 2:21-cv-01673-TL
11

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883